**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Robert Rivera,

*Plaintiff,*

-against-

Duso II, Inc., Todd Lefferts, and Zishe Fried,

*Defendants.*

Civil Action No.

**COMPLAINT**

"Plaintiff" Robert Rivera, by his undersigned attorney, Mohammed Gangat, Esq., for his Complaint against "Defendants" Duso II, Inc. ("Duso Food"), Todd Lefferts ("Lefferts"), and Zishe Fried ("Fried"), alleges as follows:

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial amount of the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5.      Plaintiff is a resident of Orange County, New York.

6.      Defendant Duso II, Inc., (the "Corporate Defendant") is a domestic business corporation formed in Ulster County, New York and organized and existing under the laws of the State of New York.

7.      As of the date of the filing of this complaint, the Corporate Defendant is listed in the New York Department of State's records as an active corporation with a process services address of 6055 Route 52 West, P.O. Box 271, Ellenville, NY, 12428.

8.      Defendant Duso II, Inc. is a wholesale food distributor.  Upon information and belief, Duso Food's customers are primarily nursing homes and other large institutions.

9.      Defendant Todd Lefferts is an adult, over 18 years of age, and a resident of Pike County, and a citizen of Pennsylvania.

10.     Defendant Zishe Fried, is an adult, over 18 years of age, and a resident of New York State.

11.     Upon information and belief, Todd Lefferts and Zishe Fried, (collectively, the "Individual Defendants") were the co-owners, shareholders, directors, supervisors, managing agents, and proprietors of the Corporate Defendant while Plaintiff was employed, and each actively participated in the day-today operations of the Corporate Defendant and acts intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations

promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder.

12.     The Individual Defendants are jointly and severally liable with the Corporate Defendant for the wage and hour violations brought in this action.

13.     The Individual Defendants exercised control over the terms and conditions of the Corporate Defendant's employees' employment, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

14.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that at all relevant times it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

15.     Defendants continuously employed Plaintiff to work as a non-exempt employee for the Defendants' food distribution business referenced above.

16.     The work performed by Plaintiff was integral to the business. Plaintiff's job responsibilities consist of registering orders, handling grill and deli, cleaning duties and delivering orders to customers.

17.     Plaintiff started working as a Truck Driver making food deliveries for Defendants around January 2022 until the termination of his employment around May 2, 2022.

18.     During Defendants' hiring process, Plaintiff was first interviewed by Defendant Fried, who told Plaintiff that drivers leave the distribution center around 4 or 5 am and then are back around noon, but no later than 1 pm.

19.     Upon information and belief, at this time Fried was working as an operations manager.

20.     Plaintiff's second interview was with Defendant Lefferts, who informed Plaintiff that his weekly salary would be $1,200.

21.     Upon information and belief, Lefferts was working as lead operations manager.

22.     Throughout the employment, Plaintiff worked an irregular schedule of five days per week, beginning at 2 or 3 am until 4pm at the earliest, but ending as late as 7 or 8 pm.

23.     Plaintiff was required to clock in and clock out at the distribution center, but his weekly pay stubs always listed his hours as zero.

24.     Defendants assigned Plaintiff a different route of deliveries each morning.  All of the locations were three hours or more away from Defendants' food distribution center and all or nearly all of Plaintiff's deliveries were to nursing homes.

25.     On average, Plaintiff would be given a delivery route in Brooklyn and other parts of Long Island for three of his five days, and deliveries in more northern parts of New York State such as Utica or Cooperstown for the other two days.

26.     Defendant did not provide Plaintiff's weekly hours on each week's pay stubs as required by NYLL despite the fact that Plaintiff was required to clock in and clock out every day.

27.     Despite not reporting Plaintiff's hours, Plaintiff discovered that Defendant deducted pay from each pay period, apparently to account for hours or days when Plaintiff had taken a day off or was not given deliveries.

28.    For example, in the pay period April 25, 2022 to May 1, 2022, Plaintiff's compensation is listed as the "SALARY" rate of $1250, but Defendant paid Plaintiff just $1,000 on May 5, 2022.  Hours are listed as 0.00.  Due to Defendant's incomplete and inaccurate time keeping and compensation records, Plaintiff concluded that Defendant must have deducted hours when he remained at home without being assigned deliveries.

29.    For example, in one week, Defendant might contact Plaintiff on a Friday and tell him not to come to work on Monday because they didn't have deliveries for him.

30.    On other days, Plaintiff would arrive at Defendants' distribution center at 2 or 3 am only to be told to go home because they did not need him that day.

31.    Defendants' inaccurate records are impermissibly inaccurate because Defendants recorded neither Plaintiff's actual hours nor the reason for the $250 gap between his salaried rate and his compensation of $1,000.  Further, although Plaintiff was required to clock in and out at the beginning of his shifts, his true hours were never reflected on his pay stubs.

32.    Plaintiff routinely worked in excess of forty hours per week, but his paystubs never reflected his true hours, or any hours for that matter.

33.    The weekly rate paid by Defendants to Plaintiff failed to compensate him for overtime hours worked over 40 hours per week at the required rate of time and one-half.

34.    There was no agreement between Plaintiff and Defendant, written or otherwise, that the weekly rate paid by defendant to Plaintiff was intended to compensate him for overtime hours worked.

35.    Nor was there any agreement to deduct hours or compensation for the time periods where Plaintiff remained at home without being assigned deliveries or arrived at work only to be

sent home.   It appears that Defendant had a practice of arbitrarily deducted hours and/or compensation based on a formula never disclosed to Plaintiff.

36.     A comparison of the wages Defendants paid to the Plaintiff against the wages that were due under New York wage-and-hour laws, specifically, (i) the New York State mandated minimum wage; (ii) the New York State mandated overtime wage; and (iii) the New York State required spread of hours laws, reveals that this Plaintiff has been grossly underpaid.

37.     With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates or pay; the number of regular hours worked; and the number of overtime hours worked, as required by law.

38.     Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiff's hours and wages in violation of the New York Labor Law §§ 195, 661.

39.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

40.     The relevant statutory period for purposes of this suit is the six year preceding the date of the filing of the complaint.

41.     The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

## STATEMENT OF CLAIM

## COUNT I

### Violation of the Fair Labor Standards Act – Unpaid Overtime

42.    Plaintiff realleges and reavers each and every allegation and statement contained in paragraphs "l" through "41" of this Complaint as if fully set forth herein.

43.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.    Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C.  §§ 206(a) and 207(a).

45.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

46.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

47.    Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

48.    Defendants failed to pay overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

49.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the required rate of time and one- half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

50.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

51.     Defendants have failed to make, keep and preserve records with respect to each of the Plaintiffs sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

52.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

53.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

54.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

55.     Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### Violation of the New York Minimum Wage Act

56.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "55" of this Complaint as if fully set forth herein.

57.     Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

58.     Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

59.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

60.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations.

61.     Defendants failed to keep true and accurate records of hours worked by Plaintiff covered by an hourly minimum wage rate, the wages paid to Plaintiff, and other similar information in contravention of New York Labor Law § 661.

62.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the difference between his actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for overtime compensation for all overtime hours.

63.     Plaintiff is also entitled to reasonable attorneys' fees, costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

64.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law§ 663(1).

### COUNT III

### Violation of the New York Labor Law's Annual Wage Notice and Periodic Wage Statements Provisions

65.      Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "64" of this Complaint as if fully set forth herein.

66.      Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

67.      Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

68.      Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if

applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

69.     Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

70.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

71.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

i.      An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

ii.     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

iii.    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

iv.      An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

v.      An award of prejudgment and post-judgment interest;

vi.      An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

vii.      Such other and further relief as this Court determines to be just and proper.

viii.      Award Plaintiff, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

ix.      Award Plaintiff such other, further and different relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated:      August 25, 2022
            New York, NY

                              Respectfully Submitted,


                              **LAW OFFICE OF MOHAMMED GANGAT**


                        By:   _____

                              Mohammed Gangat, Esq.
                              675 Third Avenue, Suite 1810
                              (718) 669-0714
                              mgangat107@gmail.com